## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT COURT OF COLUMBIA

|  |  |
|---|---|
| WYNTON JOHNSON,<br><br>    *Plaintiff*,<br><br> v.<br><br>GT INDEPENDENCE SERVICES, LLC<br><br>    *Defendant*. | Case No.: 1:26-cv-566<br><br>D.C. Superior Court Action Filed:<br>Oct. 16, 2025<br><br>D.C. Superior Court Action Served:<br>Jan. 30, 2026 |

## NOTICE OF REMOVAL

Notice is hereby given that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant GT Independence Services, LLC ("GT Independence") removes this civil action, pending as Case. No. 2025-CAB-006907, in the Superior Court for the District of Columbia, Civil Division (the "Superior Court Action"), to the United States District Court for the District of Columbia.

### I.  TIMELINESS OF REMOVAL

1.  On October 16, 2025, Plaintiff Wynton Johnson filed the Superior Court Action against Defendant GT Independence in the Superior Court of the District of Columbia.

2.  Copies of Plaintiff's Complaint and all process, pleadings, and orders served upon GT Independence in the Superior Court Action are attached as **Exhibit A**. *See* 28 U.S.C. § 1446(a).

3.  Plaintiff attempted to effectuate service of process on GT Independence through the mail on November 20, 2025. However, that service was ineffective because it was not served on a GT Independence registered agent. Nor was Plaintiff's mail receipt properly signed, as required by D.C. Super. Ct. R. Civ. P. 4(l).

1

4.      On January 15, 2026, Plaintiff filed an Amended Complaint. *See* Ex. A, A.C., at 25–33. Plaintiff delivered the Amended Complaint to GT Independence via electronic mail.

5.      GT Independence accepted service and waived its right to contest. Under D.C. Super. Ct. R. Civ. P. 4(c)(5), service is effective as of the date an acknowledgement of service form is "signed, dated, and returned." On January 30, 2026, GT Independence signed, dated, and filed an acknowledgement of service form.

6.      On February 11, 2026, Plaintiff filed a Second Amended Complaint. *See* Ex. A, S.A.C., at 44–56. On February 13, 2026, Plaintiff attempted service of the Second Amended Complaint on GT Independence via electronic mail.

7.      This Notice of Removal is timely because (i) fewer than 30 days have passed since GT Independence was served with the Complaint on January 30, 2026, and (ii) less than one year has passed since Plaintiff commenced this action on October 16, 2025. *See* 28 U.S.C. § 1446(b)–(c).

## II.      NATURE OF THE ACTION

8.      Plaintiff brings suit alleging that GT Independence unlawfully discriminated against him and failed to pay him earned wages.[1] He seeks $3.5 million in compensatory and punitive damages, in addition to statutory penalties, injunctive relief, and costs and attorney's fees.

9.      Plaintiff alleges that GT Independence "provided him with conflicting information regarding his hourly rate, budget caps, and overtime eligibility." Ex. A, S.A.C. ¶ 25. Plaintiff further asserts that GT Independence "prevented [him] from submitting time," resulting in missed

---

[1] Plaintiff asserts the following causes of action: Count 1: Discrimination in Employment under D.C. Code § 2-1402.11; Count 2: Retaliation under D.C. Code § 2-1402.61; Count 3: Violation of the D.C. Wage Payment and Collection Law under D.C. Code § 32-1301 *et seq.*; Count 4: Breach of Contract; Count 5: Breach of Fiduciary Duty; Count 6: Negligence; and Count 7: Negligent Infliction of Emotional Distress.

or delayed wage payments. Ex. A, S.A.C. ¶ 19. Plaintiff alleges that he was also subjected to heightened scrutiny on the basis of his race. Ex. A, S.A.C. ¶¶ 30–33.

### III.    GROUNDS FOR REMOVAL

#### A. The Parties Are Completely Diverse

10.    Section 1332(a)(1) provides: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." *See also* 28 U.S.C. § 1332(e) (providing that the District of Columbia is a "State[]" for purposes of Section 1332(a)(1)).

11.    Cases fall within a federal court's diversity jurisdiction only if "diversity of citizenship among the parties is complete, *i.e.*, only if there is no plaintiff and no defendant who are citizens of the same State." *Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998).

12.    Plaintiff is a citizen of the District of Columbia, while GT Independence is not a citizen of the District of Columbia. Ex. A, S.A.C. ¶ 1; *see also* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."). GT Independence is headquartered in Sturgis, Michigan and is organized as a domestic LLC under Michigan law. GT Independence is not incorporated in the District of Columbia. Nor are any of GT Independence's members citizens of the District of Columbia. Complete diversity therefore exists between Plaintiff and GT Independence.

#### B. The Alleged Amount In Controversy Exceeds $75,000

13.    Under 28 U.S.C. § 1332(a), the amount in controversy must "exceed[] the sum or value of $75,000." The amount in controversy in this case exceeds $75,000. Here, the Plaintiff's complaint alleges $3.5 million in total damages, which more than satisfies the amount in controversy requirement. Ex. A, S.A.C. ¶ IV-G. *See Dart Cherokee Basin Operating Co., LLC v.*

*Owens*, 574 U.S. 81, 87–89 (2014) (holding that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold").

14.     Although determining the amount in controversy requires assuming the Complaint's allegations are true, GT Independence denies that Plaintiff is entitled to any relief and does not waive any defenses to any claims.

### C.  All Other Procedural Requirements for Removal Are Satisfied

15.     This Court is the appropriate venue because it is "the district and division embracing" Washington, D.C.—the location where the Superior Court Action is "pending." *See* 28 U.S.C. § 1441(a).

16.     GT Independence will promptly file a copy of this Notice of Removal with the Clerk of the Superior Court for the District of Columbia, and will give written notice thereof to all adverse parties. *See* 28 U.S.C. § 1446(d).

17.     By filing this Notice of Removal, GT Independence does not waive, either expressly or implicitly, its rights to assert any defense that it could have asserted in the Superior Court Action. GT Independence intends no admission of fact, law, or liability by this Notice, and expressly reserves all defenses, motions, and/or pleas.

### CONCLUSION

For the foregoing reasons, GT Independence respectfully requests that the Court assume jurisdiction over this action.

Dated:  February 19, 2026                         Respectfully submitted,


                                                  /s/ *Jacquelyn E. Fradette*
                                                  Jacquelyn E. Fradette
                                                  D.C. Bar No. 1034328

4

jfradette@sidley.com
Tel.: (202) 736-8822
SIDLEY AUSTIN LLP
1501 K Street, NW
Washington, D.C. 20005


*Counsel for Defendant GT Independence*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on the 19th day of February, 2026, a copy of this Notice of Removal and its Exhibits were filed electronically with the Clerk of the Court using CM/ECF. A copy of the Notice of Removal and its Exhibits will be promptly delivered via electronic mail and mailed, first class, postage prepaid to:

> Wynton Johnson
> 5520 13th Street, N.W.
> Washington, D.C. 20011
> *Plaintiff, pro se*

Dated:  February 19, 2026                    Respectfully submitted,

/s/ *Jacquelyn E. Fradette*
Jacquelyn E. Fradette
D.C. Bar No. 1034328
jfradette@sidley.com
Tel.: (202) 736-8822
SIDLEY AUSTIN LLP
1501 K Street, NW
Washington, D.C. 20005

*Counsel for Defendant GT Independence*